# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-1971V**
(not to be published)

| | |
|---|---|
| SHAROLL CRITTEN, <br><br>                 Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                 Respondent. | Chief Special Master Corcoran <br><br> Filed: August 31, 2022 <br><br> Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Milton Clay Ragsdale, Ragsdale LLC, Birmingham, AL, for Petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 30, 2019, Sharoll Critten filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration which meets the Table definition of SIRVA or, in the alternative, was caused-in-fact by the influenza vaccine she received on October 23, 2017. (Petition at ¶¶ 2, 11-12, 16-17). On May 22, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 43).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated February 23, 2022, (ECF No. 38), requesting a total award of $38,201.07 (representing $37,198.60 in fees and $1,002.47 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 38-4). Respondent reacted to the motion on February 24, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 39). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests, and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

For attorney M. Clay Ragsdale, Petitioner requests the following rates: $410 per hour for time billed in 2018; $420 per hour for time billed in 2019; $430 per hour for time billed in 2020; $450 per hour for time billed in 2021; and $485 per hour for time billed in 2022. (ECF No. 38 - 6). For co-counsel Allison Riley, Petitioner requests the rates of $290 for 2018; $305 per hour for 2019; $325 per hour for 2020; $350 per hour for 2021; and $375 per hour for 2022. (Id). The rates for Mr. Ragsdale and Ms. Riley have been previously reviewed in other cases and deemed appropriate, and the requested rate increases for 2022 are consistent with OSM's updated rate schedule. I shall therefore award all attorney rates as requested.

Additionally, Petitioner requests rates for paralegal Amy Johnson as follows: $150 per hour for time billed in 2018-19; $155 per hour for 2020; $170 per hour for 2021; and $180 per hour for 2022. (ECF No 38 at 7). The rates for the 2018-21 timeframe have been previously awarded and shall be awarded herein. However, the requested rate for 2022 exceeds the Vaccine Program's published range for paralegals.[3] I shall therefore reduce the requested rates to $177 per hour for time billed in 2022. This reduced the fees to be awarded by the amount of **$168.00**.[4]

**ATTORNEY COSTS**

Petitioner requests $1,002.47 in overall costs. (ECF No. 43 at 16). This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable and shall award them in full.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$38,033.07** (representing $37,030.60 in fees and $1,002.47 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's

---

[3] These rates are derived from the application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] This amount consists of $180 - $177 = $3 x 5.6 hrs = $168.00.

counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.